ITALIAN STAR LINE, Inc., v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION et al.

District Court, S. D. New York.
March 31, 1930.

384

Yaselli & Ferretti, of New York City, for plaintiff.

Charles H. Tuttle, of New York City, for defendant.

COXE, District Judge.

■ I do not think the jury's verdict in this case should be permitted to stand, as the proof of damage is totally insufficient to sustain the verdict, and no cause of action has been proved against the Fleet Corporation. The action is for abuse of process; and the damages claimed are the net worth of the plaintiff company at the time the receiver was appointed, it being insisted that the entire assets of the company were lost as a result of the receivership. The difficulty with this contention is that the validity of the receivership is conceded, and is not open to collateral attack in this action. There is, therefore, no possible relation between the operating losses of the receivership and any abuse of the court's process, as alleged in the complaint. Furthermore, many of the items of loss claimed are mere book losses, which have no reality or substance. This is particularly true of the item of $158,432.70, stated to have been the value of the equity of the Liberty Land as appearing on the books at the time of the receivership. This valuation was based on an optional cost price for the vessel of $215 a dead weight ton, which manifestly was out of all proportion to the real value on December 6, 1920, when the receiver was appointed. Instead of the vessel having an actual value at that time of anything like $158,432.70, it is clear that there was no equity whatever when the receiver was appointed.

With respect to the few items which did have an actual value on December 6, 1920, I am satisfied from a careful reading of the record of the receivership that these items were eaten up in the regular operation of the vessel under the receiver during a period of utter demoralization in the shipping industry. And it is at least open to question whether the plaintiff could have operated the vessel during this period with any greater degree of success than the receiver enjoyed. But however that may be, there is certainly nothing in these operating losses which, by any stretch of the imagination, can be said to have been caused by any abuse of the court's process in the particulars urged by the plaintiff.

■ I am clear, also, that no abuse of process was shown against the Fleet Corporation. The only proof with respect to the allegation that the receivership was engineered to create law business for Carson, Conrad's brother-in-law, consisted of an admission of the relationship existing between the two men, and testimony that Carson was present with Conrad during some of the negotiations preceding the receivership. Obviously, such proof is insufficient to sustain a claim of abuse of process.

I think, too, there was nothing to leave to the jury on the issue with respect to the books and documents. All of the records and papers relating to the criminal charge were voluntarily submitted to the Shipping Board, prior to the receivership, for examination and to be photographed. There was therefore no reason for the receiver to obtain possession of these same records and papers. Furthermore, there was ample justification for the receivership in the then critical condition of the company without searching for some ulterior purpose to discredit an otherwise entirely proper proceeding. In any event, there was nothing to connect the Fleet Corporation with any purpose to bring about the receivership in order to create law business for a relative of one of the Fleet Corporation's own counsel, or to secure possession of records and papers for use in criminal proceedings.

The motions of the defendant to set aside the verdict and to dismiss are therefore granted.

■ I find nothing in Slocum v. N. Y. Life Insurance Co., 228 U. S. 364, 33 S. Ct. 523, 57 L. Ed. 879, to conflict with the practice followed in this case. It is not at all unusual in this district to reserve decision, on consent of the parties, on motions to dismiss until after the verdict of the jury. And I can see no illegality or impropriety in such

procedure. The motion raises only a question of law, and the decision thereon is in no way a usurpation of the functions of the jury.